UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COUNCIL TUTT ) | |
| ) | Case Number |
| **Plaintiff** ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| ) | |
| GC SERVICES, LP ) | |
| ) | JURY TRIAL DEMANDED |
| **Defendant** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Council Tutt, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I.     INTRODUCTORY STATEMENT

1.     Plaintiff, Council Tutt, (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices and Invasion of Privacy by Intrusion into Private Affairs.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Council Tutt, (hereafter, Plaintiff) is an adult natural person residing at 1516 Page Street, Philadelphia, PA 19121. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, GC Services, LP, (hereafter, Defendant) at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Texas and has a principal place of business located at 6330 Gulfton Street, Suite 300, Houston, Texas 77081.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around April, 2013, Plaintiff started to receive constant and continuous calls from the Defendant attempting to collect on an alleged past due school loan.

8. All calls from the Defendant were made to Plaintiff's personal cell phone.

9. During the first call, Plaintiff informed Defendant's agent, "Ms. Isabelle", that he had very little money and could not afford to make payments at this time.

10. Defendant's agent, "Ms. Isabelle", informed the Plaintiff that she was just going to mark the Plaintiff's file as a refusal to pay.

11. Defendant ended the call.

12. On or about April 17, 2013, Defendant's agent, "Ms. Isabelle", contacted the Plaintiff again and demanded full payment on the above referenced debt.

13. Plaintiff was informed that he owed an outstanding balance of approximately $54,000.00.

14. Plaintiff again informed "Ms. Isabelle", that he was working less than twenty (20) hours a week and could not afford to make payments at this time but he would when he had the money.

15. At that time, Plaintiff was warned that his failure to pay had forced the Defendant to start the garnishment process on his wages.

16. Plaintiff requested that the Defendant send him something in writing to verify this debt as he had not received anything to date.

17. Defendant's agent, "Ms. Isabelle", stated that the Defendant had sent the Plaintiff something already and would not send anything again.

18. Plaintiff insists that he has never received anything in writing from the Defendant.

19. Plaintiff was warned that he had no later than April 31, 2013, to make payment arrangements on this account or the garnishment would begin.

20. Plaintiff then requested to know how he could owe $54,000.00 when the original debt amount could have been no more than $15,000.00.

21. Defendant's agent refused to respond to the Plaintiff and just continued to ask how much the Plaintiff could afford to pay immediately.

22. "Ms. Isabelle", insisted on knowing how much the Plaintiff was making an hour.

23. At that time, Plaintiff informed the Defendant that he could make a payment of no more than $10 or $20 a month toward this debt.

24. Plaintiff was told that this payment would be acceptable for about nine (9) months and then he would have to call and increase his payment amounts after that time.

25. Defendant's agent, "Ms. Isabelle", then demanded that the Plaintiff turn over his debit or checking account information so that they could take the payments automatically.

26. Plaintiff asked for more time to consider this settlement before agreeing.

27. Plaintiff was told that he had to make a decision by noon that same day, April 17, 2013, or his wages would be garnished despite the previous threat that he had until April 30, 2013 to make arrangements before an alleged garnishment would occur.

28. Defendant at no time made the Plaintiff aware of whom this alleged debt is currently owed to.

29. Plaintiff was at no time informed of his rights to dispute this alleged debt within thirty (30) days or his rights to have a hearing about any alleged wage garnishment.

30. Defendant continued to place calls to the Plaintiff despite their failure to send the proper validation on this alleged debt.

31. Defendant acted in a false, deceptive, misleading and unfair manner by taking action that it stated it would not take for the purpose of coercing Plaintiff to pay the debt.

32. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

33. At all times pertinent hereto, Defendant were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

34. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

35. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

36. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## **COUNT I – FDCPA**

37. The above paragraphs are hereby incorporated herein by reference.

38. At all times relevant hereto, Defendant, were attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

39. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§§ 1692d:   Any conduct the natural consequence is to harass, oppress or abuse any person

§§ 1692d(5):   Caused the phone to ring or engaged anyone in telephone conversations repeatedly

| | |
|---|---|
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4): | Nonpayment of any debt will result in garnishment, seizure or attachment |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692e(11): | Communication failed to contain the mini-Miranda warning |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send 30-day validation notice within 5 days of initial contact |
| §§ 1692g(a)(2): | Must state name of the Creditor to Whom the debt is Owed |
| §§ 1692g(a)(3): | Must state the right to dispute within 30 days |
| §§ 1692g(b): | Collector must cease collection until the debt is validated |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against GC Services, for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.       Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

40.     Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

41.     The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

42.     The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

43.     The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

44.     The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

45.     Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

46.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

47. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

48. The foregoing paragraphs are incorporated herein by reference.

49. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

50. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

51. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.	Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.	Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

52.	As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

53.	By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.	An Order declaring that Defendant violated the UTPCPL;

b.	Actual damages;

c.	Treble damages;

d.	An award of reasonable attorney's fees and expenses and cost of suit; and

e.	Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV

### INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

54.	The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.	The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

56. Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Pennsylvania state law.

57. The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

58. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

59. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

60. All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant are subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

    d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

    d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date:  September 25, 2013**

**BY:** */s/Brent F. Vullings bfv8435*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
bvullings@vullingslaw.com